**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **Justin Cotton,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:24-cv-01304-B** |
| | § | |
| **Portfolio Recovery Associates,** | § | |
| **LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**NCB MANAGEMENT SERVICES, INC's**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, NCB Management Services, Inc. ("NCB"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint filed by plaintiff, Justin Cotton (plaintiff), and states:

In response to the first unnumbered paragraph on page 1 of the Complaint, NCB admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, but denies any violations, wrongdoing or liability.

**JURISDICTION**

1.     NCB denies the allegations in ¶ 1 as calling for a legal conclusion.  NCB leaves all matters of jurisdiction to the Court.

2.      NCB denies the allegations in ¶ 2 as calling for a legal conclusion.  NCB leaves all matters of venue to the Court.

3.      NCB denies the allegations in ¶ 3 as calling for a legal conclusion. NCB leaves all matters of jurisdiction to the Court.

4.      NCB denies the allegations in ¶ 4 as calling for a legal conclusion. NCB leaves all matters of jurisdiction to the Court.

5.      NCB admits the allegations in ¶ 5 upon information and belief.

6.      NCB denies the allegations in ¶ 6 as calling for a legal conclusion.  NCB leaves all matters of venue to the Court.

7.      NCB denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8.      NCB denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.      NCB denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.      NCB denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11.      NCB admits it is a foreign corporation and that part of its business is the collection of unpaid obligations owed to others throughout the United States, including Texas.  Except as specifically admitted, NCB denies the allegations in ¶ 11.

12.      NCB denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13.     NCB denies the allegations in ¶ 13 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

14.     NCB denies the allegations in ¶ 14 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

15.     NCB denies the allegations in ¶ 15 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

16.     NCB denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.     NCB denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18.     NCB denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19.     NCB denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20.     NCB denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21.     NCB denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22.     NCB denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23.     NCB denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24.     NCB denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25.     NCB denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

### **STANDING**

26.     NCB denies the allegations in ¶ 26 as calling for a legal conclusion.

27.     NCB denies the allegations in ¶ 27 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

28.     NCB denies the allegations in ¶ 28 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

29.     NCB denies the allegations in ¶ 29.

30.     NCB denies the allegations in ¶ 30 as calling for a legal conclusion.

31.     NCB denies the allegations in ¶ 31 as calling for a legal conclusion.

### **PARTIES**

32.     NCB admits the allegations in ¶ 32 upon information and belief.

33.     NCB denies the allegations in ¶ 33 as calling for a legal conclusion.

34.     NCB denies the allegations in ¶ 34 as calling for a legal conclusion.

35.     NCB denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36.     NCB denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37.     NCB denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38.     NCB denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39.     NCB admits it is a foreign limited liability company with an office located at 1 Allied Drive, Trevose, PA 19053.  NCB further admits part of its business is the collection of unpaid obligations owed to others.  Except as specifically admitted, NCB denies the allegations in ¶ 39.

40.     NCB admits part of its business is the collection of unpaid obligations owed to others and it uses the mail and telephone in the normal course of its business activities. Except as specifically admitted, NCB denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41.     NCB admits part of its business is the collection of unpaid obligations owed to others.  Except as specifically admitted, NCB denies the allegations in ¶ 41 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

42.     NCB denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43.     NCB denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44.     NCB denies the allegations in ¶ 44 as calling for a legal conclusion.

45.     NCB denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

## FACTUAL ALLEGATIONS

46.     NCB admits plaintiff is a natural person with an unpaid obligation owed to another entity.  Except as specifically admitted, NCB denies the allegations in ¶ 46.

47.     NCB admits plaintiff is a natural person with an unpaid obligation owed to another entity.  Except as specifically admitted, NCB denies the allegations in ¶ 47.

48.     The allegations in ¶ 48 make no averment against NCB for which a response is required.  Except as specifically admitted, NCB denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49.     The allegations in ¶ 49 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein.

50.     The allegations in ¶ 50 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51.     The allegations in ¶ 51 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein.

52.     The allegations in ¶ 52 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.

53.     The allegations in ¶ 53 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief therein.

54.     The allegations in ¶ 54 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a belief therein.

55.     The allegations in ¶ 55 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

56.     The allegations in ¶ 56 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57.     The allegations in ¶ 57 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58.    The allegations in ¶ 58 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 58 for lack of knowledge or information sufficient to form a belief therein.

59.    The allegations in ¶ 59 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein.

60.    The allegations in ¶ 60 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 60 for lack of knowledge or information sufficient to form a belief therein.

61.    The allegations in ¶ 61 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 61 for lack of knowledge or information sufficient to form a belief therein.

62.    The allegations in ¶ 62 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 62 for lack of knowledge or information sufficient to form a belief therein.

63.    The allegations in ¶ 63 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 63 for lack of knowledge or information sufficient to form a belief therein.

64.    The allegations in ¶ 64 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 64 for lack of knowledge or information sufficient to form a belief therein.

65.     The allegations in ¶ 65 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 65 for lack of knowledge or information sufficient to form a belief therein.

66.     The allegations in ¶ 66 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 66 for lack of knowledge or information sufficient to form a belief therein.

67.     The allegations in ¶ 67 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 67 for lack of knowledge or information sufficient to form a belief therein.

68.     The allegations in ¶ 68 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 68 for lack of knowledge or information sufficient to form a belief therein.

69.     The allegations in ¶ 69 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 69 for lack of knowledge or information sufficient to form a belief therein.

70.     The allegations in ¶ 70 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 70 for lack of knowledge or information sufficient to form a belief therein.

71.     The allegations in ¶ 71 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 71 for lack of knowledge or information sufficient to form a belief therein.

72.     The allegations in ¶ 72 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 72 for lack of knowledge or information sufficient to form a belief therein.

73.     The allegations in ¶ 73 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 73 for lack of knowledge or information sufficient to form a belief therein.

74.     The allegations in ¶ 74 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 74 for lack of knowledge or information sufficient to form a belief therein.

75.     The allegations in ¶ 75 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 75 for lack of knowledge or information sufficient to form a belief therein.

76.     The allegations in ¶ 76 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 76 for lack of knowledge or information sufficient to form a belief therein.

77.     The allegations in ¶ 77 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 77 for lack of knowledge or information sufficient to form a belief therein.

78.     The allegations in ¶ 78 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 78 for lack of knowledge or information sufficient to form a belief therein.

79.     The allegations in ¶ 79 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 79 for lack of knowledge or information sufficient to form a belief therein.

80.     The allegations in ¶ 80 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 80 for lack of knowledge or information sufficient to form a belief therein.

81.     The allegations in ¶ 81 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 81 for lack of knowledge or information sufficient to form a belief therein.

82.     The allegations in ¶ 82 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 82 for lack of knowledge or information sufficient to form a belief therein.

83.     The allegations in ¶ 83 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 83 for lack of knowledge or information sufficient to form a belief therein.

84.     The allegations in ¶ 84 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 84 for lack of knowledge or information sufficient to form a belief therein.

85.     The allegations in ¶ 85 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 85 for lack of knowledge or information sufficient to form a belief therein.

86.     The allegations in ¶ 86 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 86 for lack of knowledge or information sufficient to form a belief therein.

87.     The allegations in ¶ 87 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 87 for lack of knowledge or information sufficient to form a belief therein.

88.     The allegations in ¶ 88 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 88 for lack of knowledge or information sufficient to form a belief therein.

89.     The allegations in ¶ 89 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 89 for lack of knowledge or information sufficient to form a belief therein.

90.     The allegations in ¶ 90 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 90 for lack of knowledge or information sufficient to form a belief therein.

91.     The allegations in ¶ 91 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 91 for lack of knowledge or information sufficient to form a belief therein.

92.     The allegations in ¶ 92 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 92 for lack of knowledge or information sufficient to form a belief therein.

93.     The allegations in ¶ 93 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 93 for lack of knowledge or information sufficient to form a belief therein.

94.     The allegations in ¶ 94 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 94 for lack of knowledge or information sufficient to form a belief therein.

95.     The allegations in ¶ 95 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 95 for lack of knowledge or information sufficient to form a belief therein.

96.     The allegations in ¶ 96 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 96 for lack of knowledge or information sufficient to form a belief therein.

97.     The allegations in ¶ 97 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 97 for lack of knowledge or information sufficient to form a belief therein.

98.     The allegations in ¶ 98 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 98 for lack of knowledge or information sufficient to form a belief therein.

99.     The allegations in ¶ 99 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 99 for lack of knowledge or information sufficient to form a belief therein.

100.   The allegations in ¶ 100 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 100 for lack of knowledge or information sufficient to form a belief therein.

101.   The allegations in ¶ 101 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 101 for lack of knowledge or information sufficient to form a belief therein.

102.   The allegations in ¶ 102 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 102 for lack of knowledge or information sufficient to form a belief therein.

103.   The allegations in ¶ 103 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 103 for lack of knowledge or information sufficient to form a belief therein.

104.   The allegations in ¶ 104 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 104 for lack of knowledge or information sufficient to form a belief therein.

105.   The allegations in ¶ 105 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 105 for lack of knowledge or information sufficient to form a belief therein.

106.   The allegations in ¶ 106 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 106 for lack of knowledge or information sufficient to form a belief therein.

107.   The allegations in ¶ 107 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 107 for lack of knowledge or information sufficient to form a belief therein.

108.   The allegations in ¶ 108 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 108 for lack of knowledge or information sufficient to form a belief therein.

109.   The allegations in ¶ 109 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 109 for lack of knowledge or information sufficient to form a belief therein.

110.   The allegations in ¶ 110 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 110 for lack of knowledge or information sufficient to form a belief therein.

111.   The allegations in ¶ 111 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 111 for lack of knowledge or information sufficient to form a belief therein.

112.   The allegations in ¶ 112 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 112 for lack of knowledge or information sufficient to form a belief therein.

113.   The allegations in ¶ 113 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 113 for lack of knowledge or information sufficient to form a belief therein.

114.    The allegations in ¶ 114 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 114 for lack of knowledge or information sufficient to form a belief therein.

115.    The allegations in ¶ 115 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 115 for lack of knowledge or information sufficient to form a belief therein.

116.    The allegations in ¶ 116 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 116 for lack of knowledge or information sufficient to form a belief therein.

117.    The allegations in ¶ 117 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 117 for lack of knowledge or information sufficient to form a belief therein.

118.    The allegations in ¶ 118 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 118 for lack of knowledge or information sufficient to form a belief therein.

119.    The allegations in ¶ 119 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 119 for lack of knowledge or information sufficient to form a belief therein.

120.    The allegations in ¶ 120 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 120 for lack of knowledge or information sufficient to form a belief therein.

121.   The allegations in ¶ 121 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 121 for lack of knowledge or information sufficient to form a belief therein.

122.   The allegations in ¶ 122 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 122 for lack of knowledge or information sufficient to form a belief therein.

123.   The allegations in ¶ 123 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 123 for lack of knowledge or information sufficient to form a belief therein.

124.   The allegations in ¶ 124 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 124 for lack of knowledge or information sufficient to form a belief therein.

125.   The allegations in ¶ 125 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 125 for lack of knowledge or information sufficient to form a belief therein.

126.   The allegations in ¶ 126 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 126 for lack of knowledge or information sufficient to form a belief therein.

127.   The allegations in ¶ 127 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 127 for lack of knowledge or information sufficient to form a belief therein.

128.   The allegations in ¶ 128 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 128 for lack of knowledge or information sufficient to form a belief therein.

129.   The allegations in ¶ 129 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 129 for lack of knowledge or information sufficient to form a belief therein.

130.   The allegations in ¶ 130 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 130 for lack of knowledge or information sufficient to form a belief therein.

131.   The allegations in ¶ 131 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 131 for lack of knowledge or information sufficient to form a belief therein.

132.   The allegations in ¶ 132 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 132 for lack of knowledge or information sufficient to form a belief therein.

133.   The allegations in ¶ 133 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 133 for lack of knowledge or information sufficient to form a belief therein.

134.   The allegations in ¶ 134 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 134 for lack of knowledge or information sufficient to form a belief therein.

135.    The allegations in ¶ 135 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 135 for lack of knowledge or information sufficient to form a belief therein.

136.    The allegations in ¶ 136 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 136 for lack of knowledge or information sufficient to form a belief therein.

137.    The allegations in ¶ 137 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 137 for lack of knowledge or information sufficient to form a belief therein.

138.    The allegations in ¶ 138 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 138 for lack of knowledge or information sufficient to form a belief therein.

139.    The allegations in ¶ 139 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 139 for lack of knowledge or information sufficient to form a belief therein.

140.    The allegations in ¶ 140 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 140 for lack of knowledge or information sufficient to form a belief therein.

141.    The allegations in ¶ 141 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 141 for lack of knowledge or information sufficient to form a belief therein.

142.    The allegations in ¶ 142 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 142 for lack of knowledge or information sufficient to form a belief therein.

143.    The allegations in ¶ 143 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 143 for lack of knowledge or information sufficient to form a belief therein.

144.    The allegations in ¶ 144 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 144 for lack of knowledge or information sufficient to form a belief therein.

145.    The allegations in ¶ 145 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 145 for lack of knowledge or information sufficient to form a belief therein.

146.    The allegations in ¶ 146 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 146 for lack of knowledge or information sufficient to form a belief therein.

147.    The allegations in ¶ 147 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 147 for lack of knowledge or information sufficient to form a belief therein.

148.    The allegations in ¶ 148 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 148 for lack of knowledge or information sufficient to form a belief therein.

149.    The allegations in ¶ 149 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 149 for lack of knowledge or information sufficient to form a belief therein.

150.    The allegations in ¶ 150 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 150 for lack of knowledge or information sufficient to form a belief therein.

151.    The allegations in ¶ 151 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 151 for lack of knowledge or information sufficient to form a belief therein.

152.    The allegations in ¶ 152 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 152 for lack of knowledge or information sufficient to form a belief therein.

153.    The allegations in ¶ 153 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 153 for lack of knowledge or information sufficient to form a belief therein.

154.    The allegations in ¶ 154 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 154 for lack of knowledge or information sufficient to form a belief therein.

155.    The allegations in ¶ 155 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 155 for lack of knowledge or information sufficient to form a belief therein.

156.    The allegations in ¶ 156 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 156 for lack of knowledge or information sufficient to form a belief therein.

157.    The allegations in ¶ 157 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 157 for lack of knowledge or information sufficient to form a belief therein.

158.    The allegations in ¶ 158 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 158 for lack of knowledge or information sufficient to form a belief therein.

159.    The allegations in ¶ 159 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 159 for lack of knowledge or information sufficient to form a belief therein.

160.    The allegations in ¶ 160 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 160 for lack of knowledge or information sufficient to form a belief therein.

161.    The allegations in ¶ 161 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 161 for lack of knowledge or information sufficient to form a belief therein.

162.    The allegations in ¶ 162 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 162 for lack of knowledge or information sufficient to form a belief therein.

163.    The allegations in ¶ 163 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 163 for lack of knowledge or information sufficient to form a belief therein.

164.    The allegations in ¶ 164 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 164 for lack of knowledge or information sufficient to form a belief therein.

165.    The allegations in ¶ 165 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 165 for lack of knowledge or information sufficient to form a belief therein.

166.    The allegations in ¶ 166 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 166 for lack of knowledge or information sufficient to form a belief therein.

167.    The allegations in ¶ 167 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 167 for lack of knowledge or information sufficient to form a belief therein.

168.    The allegations in ¶ 168 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 168 for lack of knowledge or information sufficient to form a belief therein.

169.    The allegations in ¶ 169 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 169 for lack of knowledge or information sufficient to form a belief therein.

170.   The allegations in ¶ 170 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 170 for lack of knowledge or information sufficient to form a belief therein.

171.   The allegations in ¶ 171 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 171 for lack of knowledge or information sufficient to form a belief therein.

172.   The allegations in ¶ 172 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 172 for lack of knowledge or information sufficient to form a belief therein.

173.   The allegations in ¶ 173 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 173 for lack of knowledge or information sufficient to form a belief therein.

174.   The allegations in ¶ 174 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 174 for lack of knowledge or information sufficient to form a belief therein.

175.   The allegations in ¶ 175 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 175 for lack of knowledge or information sufficient to form a belief therein.

176.   The allegations in ¶ 176 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 176 for lack of knowledge or information sufficient to form a belief therein.

177. The allegations in ¶ 177 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 177 for lack of knowledge or information sufficient to form a belief therein.

178. The allegations in ¶ 178 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 178 for lack of knowledge or information sufficient to form a belief therein.

179. The allegations in ¶ 179 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 179 for lack of knowledge or information sufficient to form a belief therein.

180. The allegations in ¶ 180 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 180 for lack of knowledge or information sufficient to form a belief therein.

181. The allegations in ¶ 181 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 181 for lack of knowledge or information sufficient to form a belief therein.

182. The allegations in ¶ 182 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 182 for lack of knowledge or information sufficient to form a belief therein.

183. The allegations in ¶ 183 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 183 for lack of knowledge or information sufficient to form a belief therein.

184.   The allegations in ¶ 184 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 184 for lack of knowledge or information sufficient to form a belief therein.

185.   The allegations in ¶ 185 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 185 for lack of knowledge or information sufficient to form a belief therein.

186.   The allegations in ¶ 186 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 186 for lack of knowledge or information sufficient to form a belief therein.

187.   The allegations in ¶ 187 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 187 for lack of knowledge or information sufficient to form a belief therein.

188.   The allegations in ¶ 188 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 188 for lack of knowledge or information sufficient to form a belief therein.

189.   The allegations in ¶ 189 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 189 for lack of knowledge or information sufficient to form a belief therein.

190.   The allegations in ¶ 190 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 190 for lack of knowledge or information sufficient to form a belief therein.

191.   The allegations in ¶ 191 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 191 for lack of knowledge or information sufficient to form a belief therein.

192.   The allegations in ¶ 192 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 192 for lack of knowledge or information sufficient to form a belief therein.

193.   The allegations in ¶ 193 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 193 for lack of knowledge or information sufficient to form a belief therein.

194.   The allegations in ¶ 194 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 194 for lack of knowledge or information sufficient to form a belief therein.

195.   The allegations in ¶ 195 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 195 for lack of knowledge or information sufficient to form a belief therein.

196.   The allegations in ¶ 196 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 196 for lack of knowledge or information sufficient to form a belief therein.

197.    The allegations in ¶ 197 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 197 for lack of knowledge or information sufficient to form a belief therein.

198.    The allegations in ¶ 198 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 198 for lack of knowledge or information sufficient to form a belief therein.

199.    The allegations in ¶ 199 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 199 for lack of knowledge or information sufficient to form a belief therein.

200.    The allegations in ¶ 200 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 200 for lack of knowledge or information sufficient to form a belief therein.

201.    The allegations in ¶ 201 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 201 for lack of knowledge or information sufficient to form a belief therein.

202.    The allegations in ¶ 202 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies

the allegations in ¶ 202 for lack of knowledge or information sufficient to form a belief therein.

203.    The allegations in ¶ 203 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 203 for lack of knowledge or information sufficient to form a belief therein.

204.    The allegations in ¶ 204 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 204 for lack of knowledge or information sufficient to form a belief therein.

205.    The allegations in ¶ 205 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 205 for lack of knowledge or information sufficient to form a belief therein.

206.    The allegations in ¶ 206 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 206 for lack of knowledge or information sufficient to form a belief therein.

207.    The allegations in ¶ 207 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 207 for lack of knowledge or information sufficient to form a belief therein.

208.   The allegations in ¶ 208 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 208 for lack of knowledge or information sufficient to form a belief therein.

209.   The allegations in ¶ 209 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 209 for lack of knowledge or information sufficient to form a belief therein.

210.   The allegations in ¶ 210 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 210 for lack of knowledge or information sufficient to form a belief therein.

211.   The allegations in ¶ 211 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 211 for lack of knowledge or information sufficient to form a belief therein.

212.   The allegations in ¶ 212 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 212 for lack of knowledge or information sufficient to form a belief therein.

213.   The allegations in ¶ 213 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies

the allegations in ¶ 213 for lack of knowledge or information sufficient to form a belief therein.

214.    The allegations in ¶ 214 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 214 for lack of knowledge or information sufficient to form a belief therein.

215.    The allegations in ¶ 215 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 215 for lack of knowledge or information sufficient to form a belief therein.

216.    The allegations in ¶ 216 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 216 for lack of knowledge or information sufficient to form a belief therein.

217.    The allegations in ¶ 217 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 217 for lack of knowledge or information sufficient to form a belief therein.

218.    The allegations in ¶ 218 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 218 for lack of knowledge or information sufficient to form a belief therein.

219.   The allegations in ¶ 219 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 219 for lack of knowledge or information sufficient to form a belief therein.

220.   The allegations in ¶ 220 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 220 for lack of knowledge or information sufficient to form a belief therein.

221.   The allegations in ¶ 221 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 221 for lack of knowledge or information sufficient to form a belief therein.

222.   The allegations in ¶ 222 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 222 for lack of knowledge or information sufficient to form a belief therein.

223.   The allegations in ¶ 223 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 223 for lack of knowledge or information sufficient to form a belief therein.

224.   The allegations in ¶ 224 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies

the allegations in ¶ 224 for lack of knowledge or information sufficient to form a belief therein.

225.    The allegations in ¶ 225 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 225 for lack of knowledge or information sufficient to form a belief therein.

226.    The allegations in ¶ 226 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 226 for lack of knowledge or information sufficient to form a belief therein.

227.    The allegations in ¶ 227 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 227 for lack of knowledge or information sufficient to form a belief therein.

228.    The allegations in ¶ 228 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 228 for lack of knowledge or information sufficient to form a belief therein.

229.    The allegations in ¶ 229 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 229 for lack of knowledge or information sufficient to form a belief therein.

230.   The allegations in ¶ 230 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 230 for lack of knowledge or information sufficient to form a belief therein.

231.   The allegations in ¶ 231 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 231 for lack of knowledge or information sufficient to form a belief therein.

232.   The allegations in ¶ 232 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 232 for lack of knowledge or information sufficient to form a belief therein.

233.   The allegations in ¶ 233 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 233 for lack of knowledge or information sufficient to form a belief therein.

234.   The allegations in ¶ 234 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 234 for lack of knowledge or information sufficient to form a belief therein.

235.   The allegations in ¶ 235 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies

the allegations in ¶ 235 for lack of knowledge or information sufficient to form a belief therein.

236.   The allegations in ¶ 236 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 236 for lack of knowledge or information sufficient to form a belief therein.

237.   The allegations in ¶ 237 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 237 for lack of knowledge or information sufficient to form a belief therein.

238.   The allegations in ¶ 238 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 238 for lack of knowledge or information sufficient to form a belief therein.

239.   The allegations in ¶ 239 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 239 for lack of knowledge or information sufficient to form a belief therein.

240.   The allegations in ¶ 240 make no averment against NCB for which a response is necessary.  To the extent that a response is deemed to be required, NCB denies the allegations in ¶ 240 for lack of knowledge or information sufficient to form a belief therein.

241.   NCB admits  an unpaid Republic Bank & Trust Co. obligation in plaintiff's name was placed with it for collection.  Except as specifically admitted, NCB denies the allegations in ¶ 241.

242.   NCB admits  an unpaid Republic Bank & Trust Co. obligation in plaintiff's name was placed with it for collection.  Except as specifically admitted, NCB denies the allegations in ¶ 242.

243.   NCB denies the allegations in ¶ 243 for lack of knowledge or information sufficient to form a belief therein.

244.   NCB denies the allegations in ¶ 244 for lack of knowledge or information sufficient to form a belief therein.

245.   NCB denies the allegations in ¶ 245.

246.   NCB admits it reported the unpaid Republic Bank & Trust Co. obligation with Trans Union one or more times.  Except as specifically admitted, NCB denies the allegations in ¶ 246.

247.   NCB admits it reported the unpaid Republic Bank & Trust Co. obligation with Trans Union one or more times.  Except as specifically admitted, NCB denies the allegations in ¶ 247.

248.   NCB denies the allegations in ¶ 248 as calling for a legal conclusion.

249.   NCB denies the allegations in ¶ 249 for lack of knowledge or information sufficient to form a belief therein.

250.   NCB denies the allegations in ¶ 250 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

251. The allegations in ¶ 251 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 251 for lack of knowledge or information sufficient to form a belief therein.

252. NCB denies the allegations in ¶ 252 for lack of knowledge or information sufficient to form a belief therein.

253. NCB denies the allegations in ¶ 253.

254. NCB denies the allegations in ¶ 254.

255. The allegations in ¶ 255 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 255 for lack of knowledge or information sufficient to form a belief therein.

256. The allegations in ¶ 256 make no averment against NCB for which a response is necessary. To the extent a response is deemed to be required, NCB denies the allegations in ¶ 256 for lack of knowledge or information sufficient to form a belief therein.

257. NCB denies the allegations in ¶ 257.

258. NCB denies the allegations in ¶ 258 for lack of knowledge or information sufficient to form a belief therein.

259. NCB admits it reported the unpaid Republic Bank & Trust Co. obligation with Trans Union one or more times. Except as specifically admitted, NCB denies the allegations in ¶ 259.

260. NCB denies the allegations in ¶ 260.

261. NCB denies the allegations in ¶ 261 for lack of knowledge or information sufficient to form a belief therein.

262.    The allegations in ¶ 262 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 262 for lack of knowledge or information sufficient to form a belief therein.

263.    The allegations in ¶ 263 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 263 for lack of knowledge or information sufficient to form a belief therein.

264.    The allegations in ¶ 264 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 264 for lack of knowledge or information sufficient to form a belief therein.

265.    NCB denies the allegations in ¶ 265.

266.    NCB denies the allegations in ¶ 266.

267.    NCB denies the allegations in ¶ 267.

268.    NCB denies the allegations in ¶ 268 for lack of knowledge or information sufficient to form a belief therein.

269.    NCB admits only that it reported the unpaid Republic Bank & Trust Co. obligation with Trans Union one or more times.  Except as specifically admitted, NCB denies the allegations in ¶ 269.

270.    NCB denies the allegations in ¶ 270.

271.    NCB denies the allegations in ¶ 271 for lack of knowledge or information sufficient to form a belief therein.

272.    The allegations in ¶ 272 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 272 for lack of knowledge or information sufficient to form a belief therein.

273.    The allegations in ¶ 273 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 273 for lack of knowledge or information sufficient to form a belief therein.

274.    The allegations in ¶ 274 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 274 for lack of knowledge or information sufficient to form a belief therein.

275.    NCB denies the allegations in ¶ 275.

276.    NCB denies the allegations in ¶ 276.

277.    NCB denies the allegations in ¶ 277.

278.    NCB denies the allegations in ¶ 278 for lack of knowledge or information sufficient to form a belief therein.

279.    NCB denies the allegations in ¶ 279 for lack of knowledge or information sufficient to form a belief therein.

280.    NCB denies the allegations in ¶ 280.

281.    The allegations in ¶ 281 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 281 for lack of knowledge or information sufficient to form a belief therein.

282.    NCB denies the allegations in ¶ 282.

283.    NCB denies the allegations in ¶ 283.

284.   NCB denies the allegations in ¶ 284.

285.   NCB denies the allegations in ¶ 285.

286.   NCB denies the allegations in ¶ 286.

287.   NCB denies the allegations in ¶ 287.

288.   NCB denies the allegations in ¶ 288.

289.   NCB denies the allegations in ¶ 289.

290.   NCB denies the allegations in ¶ 290.

291.   NCB denies the allegations in ¶ 291.

292.   NCB denies the allegations in ¶ 292.

293.   NCB denies the allegations in ¶ 293.

294.   NCB denies the allegations in ¶ 294.

295.   NCB denies the allegations in ¶ 295.

## Count I

### Alleged Violations of § 1692e Of The FDCPA
### Alleged False, Deceptive, or Misleading Collection Actions

296.   In response to ¶ 296, NCB reasserts the foregoing as if fully stated herein.

297.   The referenced section of the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 297 state otherwise, they are denied.

298.   NCB denies the allegations in ¶ 298 as calling for a legal conclusion.

299.    NCB denies the allegations in ¶ 299 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

300.    NCB denies the allegations in ¶ 300 as calling for a legal conclusion.

301.    NCB denies the allegations in ¶ 301 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

302.    NCB denies the allegations in ¶ 302 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

303.    NCB denies the allegations in ¶ 303 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

304.    NCB denies the allegations in ¶ 304 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

305.    NCB denies the allegations in ¶ 305 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

306.    NCB denies the allegations in ¶ 306 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

307.   NCB denies the allegations in ¶ 307 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

308.   NCB denies the allegations in ¶ 308 as calling for a legal conclusion.

309.   NCB denies the allegations in ¶ 309 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

310.   The FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

311.   NCB denies the allegations in ¶ 311.

312.   NCB denies the allegations in ¶ 312.

In response to the Prayer for Relief under Count I, NCB denies  plaintiff is entitled to the relief sought.

## Count II

### Alleged Violations of § 1692d Of The FDCPA
### Alleged Harassment or Abuse

313.   In response to ¶ 313, NCB reasserts the foregoing as if fully stated herein.

314.   The referenced section of the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 314 state otherwise, they are denied.

315.    NCB denies the allegations in ¶ 315 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

316.    NCB denies the allegations in ¶ 316 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

317.    NCB denies the allegations in ¶ 317 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

318.    NCB denies the allegations in ¶ 318 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

In response to the Prayer for Relief under Count II, NCB denies plaintiff is entitled to the relief sought.

## Count III

### Alleged Violations of § 1692f Of The FDCPA
### Alleged Misleading Representations & Unfair Practices

319.    In response to ¶ 319, NCB reasserts the foregoing as if fully stated herein.

320.    The referenced section of the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 320 state otherwise, they are denied.

321.    NCB denies the allegations in ¶ 321 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

322.    NCB denies the allegations in ¶ 322 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

323.    NCB denies the allegations in ¶ 323 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

In response to the Prayer for Relief under Count III, NCB denies plaintiff is entitled to the relief sought.

## Count IV

### Alleged Violation of 15 U.S.C. § 1681e(b) of the FCRA
### Alleged Reinvestigations of Disputed Information

324.    In response to ¶ 324, NCB reasserts the foregoing as if fully stated herein.

325.    The allegations in ¶ 325 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 325 for lack of knowledge or information sufficient to form a belief therein.

326.    The allegations in ¶ 326 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 326 for lack of knowledge or information sufficient to form a belief therein.

327.    The allegations in ¶ 327 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 327 for lack of knowledge or information sufficient to form a belief therein.

328.    The allegations in ¶ 328 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 328 for lack of knowledge or information sufficient to form a belief therein.

329.    The allegations in ¶ 329 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 329 for lack of knowledge or information sufficient to form a belief therein.

### Count V

### Alleged Violation of 15 U.S.C. § 1681i of the FCRA
### Alleged Reinvestigations of Disputed Information

330.    In response to ¶ 330, NCB reasserts the foregoing as if fully stated herein.

331.    The allegations in ¶ 331 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 331 for lack of knowledge or information sufficient to form a belief therein.

332.    The allegations in ¶ 332 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 332 for lack of knowledge or information sufficient to form a belief therein.

333.    The allegations in ¶ 333 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 333 for lack of knowledge or information sufficient to form a belief therein.

334.    The allegations in ¶ 334 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 334 for lack of knowledge or information sufficient to form a belief therein.

335.    The allegations in ¶ 335 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 335 for lack of knowledge or information sufficient to form a belief therein.

336.    The allegations in ¶ 336 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 336 for lack of knowledge or information sufficient to form a belief therein.

337.    The allegations in ¶ 337 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 337 for lack of knowledge or information sufficient to form a belief therein.

338.    The allegations in ¶ 338 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 338 for lack of knowledge or information sufficient to form a belief therein.

339.    The allegations in ¶ 339 make no averment against NCB for which a response is necessary.  To the extent a response is deemed to be required, NCB denies the allegations in ¶ 339 for lack of knowledge or information sufficient to form a belief therein.

### Count VI

### Alleged Violation of 15 U.S.C. § 1681s-2(B) of the FCRA
### Alleged Duties of Furnishers of Information upon Notice of Dispute

340.    In response to ¶ 340, NCB reasserts the foregoing as if fully stated herein.

341.   NCB denies the allegations in ¶ 341 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

342.   NCB denies the allegations in ¶ 342 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

343.   NCB denies the allegations in ¶ 343 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

344.   NCB denies the allegations in ¶ 344 directed to NCB as calling for a legal conclusion and denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief therein.

In response to the Prayer for Relief under Count VI, NCB denies plaintiff is entitled to the relief sought.

## JURY DEMAND

345.   NCB admits plaintiff has demanded a jury trial but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, NCB denies the allegations in ¶ 345.

## AFFIRMATIVE DEFENSES

1.   Plaintiff lacks standing and therefore the Court lacks jurisdiction over this matter.

2.      To the extent any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3.      NCB denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of NCB's purported violations.

4.      One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

5.      Assuming  plaintiff suffered any damages, which is denied, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6.      Any harm suffered by plaintiff, which is denied, was legally and proximately caused by persons or entities other than NCB and who were beyond the control or supervision of NCB or for whom NCB was and is not responsible or liable.

7.      Plaintiff has failed to state a claim against NCB upon which relief may be granted.

8.      At all times NCB has complied with its duties under the FCRA.

9.      At all relevant times, NCB maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information.

WHEREFORE, Defendant, NCB Management Services, Inc., respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ *Justin H. Homes*
Justin H. Homes, Esq.
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7931
Facsimile: (504) 828-3737
Email: jhomes@sessions.legal

*Attorney for Defendant,*
*NCB Management Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and served via CM/ECF upon all counsel of record.

/s/ *Justin H. Homes*
Justin H. Homes, Esq.

49